■ ARTHUR FINGERHUT, Appellant, v FLEET BANK, N. A., Respondent. [705 NYS2d 43] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about June 7, 1999, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing plaintiff's first and second causes of action, unanimously affirmed, with costs.

Plaintiff's claim that the subject hypothecation agreement was materially altered subsequent to its execution by him to expose the assets pledged by him to execution by defendant bank in the event of a default by Lorec Systems, Inc. is specious. In a letter, written subsequent to the alleged alteration of the hypothecation agreement, requesting a substitution of collateral under the hypothecation agreement, plaintiff's counsel referenced the matter as "Lorec Systems," thereby acknowledging and ratifying plaintiff's agreement to answer for Lorec Systems' obligation to the bank to the extent of the pledged assets. In any event, as the IAS Court observed, the language of the hypothecation agreement, as signed by plaintiff, exposed him to liability for Lorec Systems, Inc.'s debts, even without the inclusion of Lorec's name. Concur—Sullivan, P. J., Rosenberger, Mazzarelli and Andrias, JJ.